UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JUAN REINOSO, ROLANDO BACA,
RONALDO BACA, RIGOBERTO DIAZ,
PEDRO DUARTE, LAZARO FAJARDO,
CANDIDO FERNANDEZ, WILMER MASIS,
JUAN REMBERTO LANZA, FAVIO MESA,
MANUEL MENDEZ, CESAR ORTEGA,
PEDRO REYES, NELSON RIVERA,
JOSE DANIEL RODRIGUEZ, YASSERT SILES,
MARCELO SALAZAR, WILLIAM TORREZ,
OTONIEL VELEZ, LISARDO SANCHEZ,
EUGENIO PERDOMO, and YONY CAMPBELL,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

A G C CONSULTING CIVIL ENGINEERS
AND GENERAL CONTRACTORS, INC.,
a Florida profit corporation,
KEENAN, HOPKINS, SCHMIDT AND
STOWELL CONTRACTORS,
a Florida profit corporation,
HUNT CONSTRUCTION GROUP, INC.
d/b/a HUNT-MOSS, A JOINT VENTURE,
a foreign profit corporation, and
MOSS & ASSOCIATES, LLC,
d/b/a HUNT-MOSS, A JOINT VENTURE,
a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiffs, JUAN REINOSO *et al*, on their own behalf and other employees and former employees similarly situated and by and through their undersigned

1

counsel, and hereby file this Complaint against Defendants A G C CONSULTING CIVIL ENGINEERS AND GENERAL CONTRACTORS, INC. ("AGC"); KEENAN, HOPKINS, SCHMIDT AND STOWELL CONTRACTORS, INC. ("KHS&S"); MOSS & ASSOCIATES, LLC ("MOSS"), and HUNT CONSTRUCTION GROUP, INC. ("HUNT") d/b/a HUNT-MOSS, A JOINT VENTURE ("HUNT-MOSS"); and state as follows.

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") and Article X, Section 24 of the Florida Constitution to recover unpaid overtime compensation, unpaid minimum wage compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiffs were and continue to be residents of Miami-Dade County, Florida.

4. At all times material hereto, Defendant AGC was a Florida profit corporation engaged in business in Florida with a principal place of business in Florida.

5. At all times material hereto, Defendant KHS&S was a Florida profit corporation engaged in business in Florida with a principal place of business in Florida.

6. At all times material hereto, HUNT was a foreign profit corporation engaged in business in Florida and with a principal place of business in Florida.

7. At all times material hereto, MOSS was a limited liability corporation engaged in business in Florida with a principal place of business in Florida.

8. At all times material hereto, HUNT-MOSS was a joint venture owned and operated by HUNT and MOSS engaged in business in Florida with a principal place of business in Florida.

9. Defendants were contractors and subcontractors engaged in the construction of Marlins Park baseball stadium located in Miami-Dade County. As a result of the services provided by Defendant, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce.

10. At all times material hereto, Plaintiffs were engaged in commerce within the meaning of § 6 and § 7 of the FLSA. Specifically, Plaintiffs utilized and handled equipment and goods manufactured and purchased from outside the State of Florida.

11. At all times material hereto, Plaintiffs were employees of Defendant AGC within the meaning of the FLSA.

12. At all times material hereto, Defendant AGC was Plaintiffs' employers within the meaning of the FLSA.

13. At all times material hereto, Defendants were and continue to be an enterprise engaged in commerce within the meaning of the FLSA. Specifically, Defendants purchased equipment and products manufactured outside the State of Florida.

14. At all times material hereto, Defendants were and continue to be an enterprise engaged in the production of goods for commerce within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Plaintiffs were engaged in commerce and subject to the individual coverage of the FLSA.

3

17. At all times hereto, Plaintiffs were engaged in the production of goods for commerce and subject to individual coverage under the FLSA.

18. The additional persons who may become plaintiffs in this action were hourly paid construction workers of the Defendants AGC and KHS&S, whom held similar positions to Plaintiffs, and whom worked in excess of forty hours during one of more work weeks during the relevant time periods but who did not receive pay at one and a half times their regular rate for their hours worked in excess of forty.

19. At all times material hereto, the work performed by Plaintiffs was essential to the business performed by Defendant.

## STATEMENT OF FACTS

20. HUNT-MOSS, the prime contractor assigned to construction of Marlins Park, contracted with subcontractors KHS&S and AGC for construction work of Marlins Park. Specifically, HUNT-MOSS contracted with KHS&S and AGC to install interior and exterior site stucco.

21. At various times during the past three years, Plaintiffs were each employed with Defendants as hourly paid masons, carpenters, and construction workers.

22. At various times during the past three years, Plaintiffs worked for Defendants in excess of forty hours within a workweek.

23. During the time period from September 21, 2009 through September 21, 2012, Plaintiffs performed work for Defendants including installation and construction of interior and exterior stucco, carpentry, and other construction work.

24. During the time period from September 21, 2009 through September 21, 2012, Defendants failed to compensate Plaintiffs at the rate of one and a half times Plaintiffs'

regular rates of pay for all hours worked in excess of forty within a single workweek. Instead, Plaintiffs and those similarly situated employees were paid "straight time," their regular rates of pay, for some of their overtime hours worked, and often they were not compensated for overtime hours at all. Plaintiffs should be compensated at the rate of one and a half times Plaintiffs' regular rates for those hours that Plaintiffs worked in excess of forty per week, as required by the FLSA.

25. Defendants have violated Title 29 U.S.C. § 207 from at least September 21, 2009 through September 21, 2012 and continuing to date, in that:

   a. Plaintiffs worked in excess of forty hours per week for the period in which they were employed with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiffs at the statutory rates of one and a half times Plaintiffs' regular rates for those hours worked in excess of forty per workweek as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

26. Plaintiffs have retained THE LAW OFFICES OF ROBERT RUBENSTEIN, P.A. to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION (FLSA)

27. Plaintiffs adopt the allegations in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. During the time period from September 21, 2009 through September 21, 2012, Plaintiffs worked in excess of forty hours per week for which Plaintiffs were not compensated at the statutory rates of one and a half times Plaintiffs' regular rates of pay.

29. Plaintiffs were and are entitled to be paid at the statutory rate of one and a half times Plaintiffs' regular rates of pay for those hours worked in excess of forty within each workweek.

30. At all times material hereto, Defendants AGC and KHS&S failed and continue to fail to maintain proper time records as mandated by the FLSA.

31. Defendants actions were willful and showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of one and a half times Plaintiffs' regular rate of pay for the hours worked in excess of forty per week.

32. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

33. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiffs and those similarly situated to Plaintiffs by virtue of the management policy, plan, or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

34. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiffs were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty

hours or more hours in a workweek, Defendants have failed to properly pay Plaintiff, and those similarly situated to them, proper overtime wages for such hours.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty hours per workweek;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest; and

    e. Ordering any other further relief the Court deems necessary and just.

## COUNT II
## RECOVERY OF MINIMUM WAGES, WAGE THEFT

35. Plaintiffs adopt all allegations in paragraphs 1 through 26 as if fully set forth herein.

36. Plaintiffs were paid at rates lower than those contained in the Wage and Benefits Schedule of Section 2-11.16 of the Code of Miami-Dade County because they were misclassified as laborers and paid at a lower wage rate than required by law. Plaintiffs should instead have been paid at the rates for the jobs they actually performed.

37. Plaintiffs have not been paid the minimum wage for each hour worked during their employment with AGC and KHS&S because their hourly wages were reduced below the applicable minimum wage requirements.

38. Defendants AGC and KHS&S willfully failed to pay Plaintiffs minimum wage for the duration of their employment contrary to Section 2-11.16 of the Code of Miami-Dade

County because they were aware of the minimum wage law requirements and failed to comply with them.

39. At all times material hereto, Defendants AGC and KHS&S failed and continue to fail to maintain proper time records as mandated by the FLSA.

40. Defendants AGC and KHS&S altered, mishandled, or otherwise failed to retain Plaintiffs' time records for multiple weeks of employment to inaccurately record that Plaintiffs worked less time than they actually worked.

41. Defendants failed to post the required posting regarding minimum wage requirements.

42. As a direct and proximate result of Defendants AGC and KHS&S's deliberate underpayment of wages, Plaintiffs and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

43. HUNT-MOSS, as prime contractor, is responsible for compliance of all subcontractors, including KHS&S and AGC, with the wage requirements. As there has been underpayment and non-payment of the required wages, HUNT-MOSS is liable to the underpaid employees of KHS&S and AGC for the amount of each underpayment pursuant to Section 2-11.16 of the Code of Miami-Dade County.

44. Plaintiffs demand a trial by jury.

WHEREFORE Plaintiffs and all other similarly situated employees demand judgment against Defendant for:

    a. Designation of this action as a collective action under the terms of 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

  b. The payment of all hours at applicable minimum wage rates;

  c. Liquidated damages;

  d. Pre and postjudgment interest as provided by law;

  e. Trial by jury on all issues so triable;

  f. Any and all further relief that this Court deems necessary and just.

## COUNT IV
## DECLARATORY RELIEF

45. Plaintiffs adopt all allegations in paragraphs 1 through 26 as if fully set forth herein.

46. Plaintiffs and Defendants have a pending FLSA dispute which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331 because a federal question exists.

47. The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

48. Plaintiffs may obtain declaratory relief.

49. Defendants employed Plaintiffs.

50. Defendants are an enterprise.

51. Plaintiffs were individually covered by the FLSA.

52. Defendants failed to pay Plaintiffs for all hours worked.

53. Plaintiffs are entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

54. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

55. Defendants did not rely upon a good faith defense.

56. Plaintiffs are entitled to an equal amount of liquidated damages.

57. It is in the public interest to have these declarations of rights recorded.

Case 1:12-cv-23461-CMA   Document 1   Entered on FLSD Docket 09/21/2012   Page 10 of 10

58. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

59. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

60. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiffs demand a declaration of rights finding that an employer-employee relationship existed, Plaintiffs worked over forty hours in multiple workweeks without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Plaintiffs are entitled to minimum wage compensation, overtime compensation, liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as a matter of right by jury.

DATED this 21th day of September, 2012.

Respectfully submitted,

Matthew J. Allen, Esq.
Florida Bar Number 88524
**Law Offices of Robert Rubenstein, P.A.**
9155 South Dadeland Blvd., Suite 1600
Miami, Florida 33156
305-661-6000, Facsimile 305-670-7055
Matthew@RobertRubenstein.com
*Trial Counsel for Plaintiff*

10